NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-1485

NIAL LUU

vs.

MGH INSTITUTE OF HEALTH PROFESSIONS.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff brought claims in the Superior Court for breach of contract, violation of 34 C.F.R. § 668.43 (2020), and violation of G. L. c. 93A.  A judge dismissed the first two counts with prejudice and dismissed the third count with leave to amend the complaint.[1]  Representing himself, the plaintiff appeals from the judgment of dismissal[2] of his complaint.[3]  He

_____

[1] The plaintiff failed to amend the complaint within thirty days.

[2] We treat the judge's decision and order dated October 31, 2025, dismissing the complaint, as the parties have, as a final judgment.  See Tiger Home Inspection, Inc. v. Director of the Dep't of Unemployment Assistance, 101 Mass. App. Ct. 373, 374 n.1 (2022).

[3] Having conceded in his opposition to the motion to dismiss that his complaint failed to state a claim under 34 C.F.R.

also argues that the judge erred in:  (1) denying his motion to amend his complaint for the second time; (2) allowing the defendant's motion for an enlargement of time to file a responsive pleading and denying the plaintiff's motion for reconsideration thereof; and (3) denying the plaintiff's motion for entry of default judgment.  We affirm.

Discussion.  1.  Dismissal of first amended complaint.  We review the allowance of a motion to dismiss de novo.  See Bresler v. Muster, 496 Mass. 111, 116 (2025).  To withstand dismissal under Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974), a complaint must allege facts that "raise a right to relief above the speculative level" (citation omitted).  Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008).  At the pleading stage, the allegations must "plausibly suggest[] . . . an entitlement to relief" (quotation and citation omitted).  Id.

The plaintiff's first amended complaint (complaint) alleged two separate breaches of contract.[4]  First, the complaint alleged

_____

§ 668.43 because that statute does not provide a private right of action, the plaintiff does not challenge the dismissal of that claim on appeal.

[4] The plaintiff's principal appellate brief claims no specific error in the judge's dismissal without prejudice of Count III beyond a single conclusory assertion that the first amended complaint alleged sufficient facts in support thereof.  Notwithstanding his arguments raised for the first time his reply brief, his challenge is therefore waived.  See Mass.

2

that the defendant, in return for his tuition payment, "agreed to provide [the plaintiff] with an education, which includes the opportunity to ask questions and receive answers." The plaintiff alleged that during an online class session on September 14, 2020, a professor "refused to answer" his question about the defendant's COVID-19 mask policy and subsequently "muted [his] mic[] and then kicked him out of class." The plaintiff was suspended, and the defendant provided no further services to him. On September 29, 2020, the defendant expelled the plaintiff for "refusal to follow the [defendant's] Commit Pledge" and "disruption of [the professor's] class." The complaint alleged that the defendant's actions "breached the contract by failing to deliver the promised education."[5]

To withstand a motion to dismiss on this claim, the plaintiff needed to allege facts plausibly suggesting that the

---

R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019) ("appellate court need not pass upon questions or issues not argued in the brief"); Commonwealth v. Stewart, 460 Mass. 817, 831 (2011) (arguments raised for first time in reply brief are waived); Gaffney v. Contributory Retirement Appeal Bd., 423 Mass. 1, 6 n.4 (1996) ("[c]onclusory statements in a brief do not rise to the level of appellate argument").

[5] In his opposition to the defendant's motion to dismiss, the plaintiff specified that he was alleging a failure to provide the "promised education" based on "three separate instances: (1) when the professor refused to provide academic insight, (2) when the [p]laintiff was removed from the classroom, and (3) when the [p]laintiff was denied access to all classes and educational services."

defendant and plaintiff had an agreement on the material term of the contract at issue. See Rodriguez v. Massachusetts Bay Transp. Auth., 92 Mass. App. Ct. 26, 29, 31 (2017) (because enforceable agreement requires sufficiently complete and definite terms, claim for breach of contract is properly dismissed when complaint fails to "set forth the material terms of the claimed contract with sufficient precision").

The plaintiff was required to plausibly allege that the defendant's professor was obligated to answer the plaintiff's question or to refrain from removing him from class, or that the defendant was obligated to permit the plaintiff to continue attending classes notwithstanding pending disciplinary proceedings. The complaint failed to do so. Of particular concern here is the complaint's failure to precisely set forth "the scope of the [defendant's] expected performance in these circumstances." Rodriguez, 92 Mass. App. Ct. at 29. Read broadly, the rights claimed by the plaintiff -- to have all his questions answered and attend class despite the professor and school determining his conduct "disruptive" -- substantially encroach on the autonomy of the professor to manage the classroom and of the educational institution to administer discipline. See Schaer v. Brandeis Univ., 432 Mass. 474, 482 (2000) ("We adhere to the principle that '[c]ourts are chary about interfering with academic and disciplinary decisions made

4

by private colleges and universities'" [citation omitted]). The complaint also failed to identify a plausible "source of the contractual obligation" and "the rights of [the plaintiff] in the event of a breach." Rodriguez, supra at 29. Accordingly, we conclude that the complaint failed to allege facts plausibly suggesting a claim for breach premised on the failure to "deliver the promised education."

The second claim for breach of contract was grounded in the complaint's allegations that:

> "the school's tuition refund policy states that between September 8, 2020, through September 14, 2020, that a student would be refunded 100% of tuition, however, [the defendant] did not return 100% of the tuition. [The plaintiff's] last class was on September 14, 2020, he should have been refunded 100% of his tuition. [The defendant] breached the contract by violating their tuition refund policy and failing to return 100% of his tuition."

The refund schedule for fall 2020 referenced in the complaint[6] and contained in the defendant's catalog stated that "[t]he refund schedule applies to those students who drop a class before the drop [date] with a 'W' grade deadline or who withdraw completely from the [i]nstitute" (emphasis added). The schedule provided that for the period of "September 29 through October 5" refunds would be given at forty percent.

---

[6] "Where . . . the plaintiff relies on documents to frame the complaint, we, like the judge, may also consider those documents in reviewing the motion to dismiss without converting the motion to one for summary judgment." Porter v. Board of Appeal of Boston, 99 Mass. App. Ct. 240, 243-244 (2021).

5

The plaintiff argues that the complaint suggests entitlement to a full refund under the catalog's policy because he was "withdrawn" when he was suspended on September 14, 2020, and "stopped receiving educational services."  We disagree.  As "[t]he interpretation of a contract is a question of law . . . ," Eigerman v. Putnam Invs., Inc., 450 Mass. 281, 287 (2007), we do not accept as true the plaintiff's legal conclusion that the date he last attended class determines his refund under the policy.  See Schaer, 432 Mass. at 477.  Suspension is not the same as "dropping a class . . . with a 'W' grade," which the complaint does not allege the plaintiff ever did.  Because the nature of suspension is, unlike expulsion, temporary, suspension also does not amount to being withdrawn "completely" from the institute.  The allegations in the complaint do not plausibly suggest that he was withdrawn "completely" until September 29, when he was expelled, such that the policy entitled him to more than a forty percent refund.  Accordingly, the second basis for breach of contract fails to state a claim for which relief could be granted.[7]

---

[7] Because our review of a dismissal under Mass. R. Civ. P. 12 (b) (6), is de novo and based only on the pleadings, we need not address the plaintiff's arguments that the judge erred in "applying a prima facie standard" to the complaint and acting as a "fact-finder" at the pleading stage.  In any event, our review of the record demonstrates that there is no merit in these arguments.

2.  Denial of motion to amend.  We find unavailing the plaintiff's argument that the judge erred in denying his second motion to amend his complaint.

"We review the denial of a motion to amend the complaint for abuse of discretion."  Nguyen v. Massachusetts Inst. of Tech., 479 Mass. 436, 461 (2018).  "Although leave to amend should be 'freely given when justice so requires,' such leave may be denied where there is undue delay, undue prejudice to the opposing party, or futility in the amendment."  Id., citing Mass. R. Civ. P. 15 (a), 365 Mass. 761 (1974).

Here, the judge properly denied the motion to amend as futile.  Regarding the breach of contract claim for "failing to deliver the promised education,"[8] the new allegations in the proposed second amended complaint failed to set forth the material terms of the claimed contract with any more precision than the first amended complaint.  See Rodriguez, 92 Mass. App. Ct. at 29.  The proposed complaint mentions a statement in the "Student Financial Responsibility Agreement" that acknowledges an agreement "in which [the defendant] is providing [the plaintiff] educational services," but the agreement does not

_____

[8] The plaintiff's appellate brief does not advance any argument that the motion to amend was improperly denied with respect to the breach of contract claim for failure to refund full tuition.  Therefore, the issue is waived.  See Mass. R. A. P. 16 (a) (9) (A).

7

elaborate on the scope of those services.  As a source of the claimed obligations, the proposed complaint points to the plaintiff's subjective expectations of being able to ask questions and to statements in the catalog touting the qualifications of the defendant's instructors and its stated mission to "embrace[] and reward[] inquiry."  Such statements do not plausibly give rise to the expansive obligations on which the complaint is premised -- to answer all the plaintiff's questions and withhold disciplinary action.

The plaintiff also argues that the denial of the motion to amend was in error because new allegations in the proposed complaint "provide[d] essential context that explains why the [p]laintiff was unaware that the tuition was not fully refunded."  This argument goes to whether the statute of limitations was tolled for the plaintiff's claim under G. L. c. 93A, which the judge dismissed as time barred.  However, the argument fails because the judge granted the plaintiff adequate, alternative relief.  In the same decision as denied the motion to amend, the judge dismissed the G. L. c. 93A claim "without prejudice to filing a motion to amend" the count within thirty days with additional allegations "to establish when [the plaintiff] reasonably should have known that he did not receive a full tuition refund."  The plaintiff failed to file a motion to amend the count.  We therefore discern no abuse of discretion

in the judge's denial of the motion to amend with respect to the G. L. c. 93A claim.

3. _Due process_. The plaintiff's contention that the judge "violated due process by issuing several orders without explanation" does not rise to the level of appellate argument. The plaintiff asks us to conduct a de novo review of "all filings brought forth in the [t]rial [c]ourt's docket" without providing any legal authority to support his allegation of a due process violation. Although some of the requirements for informal briefs are relaxed, "[a]n informal brief must include 'adequate appellate argument,' which means that all issues the party wants to present to the Appeals Court are listed in the brief, and, for each issue, there are citations to supporting law in cases (preferably from Massachusetts), statutes, regulations, court rules, constitutional provisions, or other legal authorities. The Appeals Court does not have to consider any argument that . . . lacks legal or factual support." Appeals Court Informal Brief Pilot Program, https://www.mass.gov/info-details/appeals-court-informal-brief-pilot-program. See also Mass. R. A. P. 16 (a) (9), as appearing in 481 Mass. 1628 (2019). This argument is therefore waived.

4. _Enlargement of time to file responsive pleading and entry of default_. The plaintiff argues that the judge abused her discretion by allowing the defendant an enlargement of time

to file a responsive pleading where the defendant "Fail[ed] to Demonstrate Justified Cause."  We are not persuaded.

Under Mass. R. Civ. P. 6 (b) (1), 365 Mass. 747 (1974), prior to the expiration of the period for completing any act required by the rules of civil procedure, "the court for cause shown may at any time in its discretion . . . with or without motion or notice order the period enlarged."  Twenty days after the plaintiff's complaint was served by certified mail on the defendant's address, the defendant timely filed an emergency motion to enlarge the time to file a responsive pleading.  The motion sought an enlargement of seventeen days.  As grounds for the motion, the defendant alleged that the mailing did not name a specific recipient, "causing a delay in the pleading being properly directed."  The judge allowed the defendant's motion and subsequently denied the plaintiff's motions for entry of default and for reconsideration.

We discern no abuse of discretion in the judge's implicit finding that the defendant showed sufficient cause to warrant a brief enlargement.  In general, in-State service on a domestic corporation must be completed by personal delivery of the summons and complaint to certain officers, agents, or persons in charge of the corporation.  See Mass. R. Civ. P. 4 (d) (2), as amended, 370 Mass. 918 (1976).  Where the defendant was served by certified mail addressed generally to the defendant, the

10

judge did not abuse her discretion in finding that the alleged delay in internal routing of the original complaint, which was caused by the plaintiff's omission of a specific addressee on the mailing, was cause for an enlargement.  For the same reasons, the judge properly denied the plaintiff's motions for reconsideration and entry of default judgment.

Conclusion.  We conclude that the plaintiff's first amended complaint failed to state a claim for which relief could be granted and that there was no error in the judge's treatment of the interlocutory orders challenged by the plaintiff. Accordingly, the judge properly dismissed the plaintiff's complaint.

Judgment affirmed.

By the Court (Shin, Ditkoff & Tan, JJ.[9]),

Clerk

Entered: July 7, 2026.

---

[9] The panelists are listed in order of seniority.

11